UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STEVEN L. SMITH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 21-10780-ADB |
| | * | |
| RYAN J. MATTHEWS, ESQUIRE, | * | |
| | * | |
| Defendant. | * | |
| | * | |

ORDER

BURROUGHS, D.J.

Pretrial detainee Steven L. Smith brings this *pro se* action against his criminal defense

attorney, Ryan J. Matthews.  For the reasons set forth below, the Court will dismiss this action

without prejudice.

According to Smith's complaint [ECF No. 1], Matthews is filing a motion to dismiss the

charges against Smith without raising crucial arguments in favor of dismissal.  Smith represents

that, on previous on occasions, when he has insisted that Matthew include these arguments,

Matthews refuses and instead has convinced the court that Smith should undergo competency

evaluations.  Smith also claims that he has, without avail, asked the court for leave to represent

himself so that he may file his own motion to dismiss.  Smith seeks damages in the amount of $1

million and asks that Matthews be disbarred.  Smith also filed a "Request for Exigent Restraining

Order" [ECF No. 2], in which he asks that the Court order that Matthews be "removed" and that

Smith be allowed to represent himself.

As Smith already knows from the Court's order in a related case, *Smith v. Lobur*, C.A.

No. 21-10290-ADB (D. Mass.), under *Younger* abstention, *see Younger v. Harris*, 401 U.S. 37

(1971), "a federal court must abstain from hearing a case if doing so would 'needlessly inject' the federal court into ongoing state proceedings." *Coggeshall v. Mass. Bd. of Registration of Psyc.*, 604 F.3d 658, 664 (1st Cir. 2010) (quoting *Brooks v. N.H. Supreme Ct.*, 80 F.3d 633, 637 (1st Cir. 1996)).[1] *Younger* abstention is even appropriate where litigants "claim violations of important federal rights," *In re Justices of Superior Ct. Dept. of Mass. Trial Ct.,* 218 F.3d 11, 17 (1st Cir. 2000), as long as the federal claims can be "raised and resolved *somewhere* in the state process," *Maymó-Meléndez v. Álvarez-Ramírez*, 364 F.3d 27, 36 (1st Cir. 2004) (emphasis added). "Except in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, *see* U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." *Casa Marie, Inc. v. Super. Ct.*, 988 F.2d 252, 262 (1st Cir.1993) (footnote omitted).

Smith recognizes that "the Federal Court doesn't *often* intervene in state cases," but he argues that "this is a case in which *none* of [his] court appt. lawyers are *willing* to confront and hold the *corrupt detective Lobur accountable* . . . as well as the District Attorney." Mot. at 1.

---

[1] For the limited purpose of this order, the Court will assume, without deciding, that the Court has diversity subject matter jurisdiction over this case and that Smith is bringing a state claim for legal malpractice. *See* 28 U.S.C. § 1332(a). It does not appear from the complaint that federal question subject matter jurisdiction exists. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). A court-appointed attorney is not a state actor "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981), subject to an exception not relevant here, *see Georgia v. McCollum*, 505 U.S. 42, 54-55 (1992). Thus, federal law does not provide a cause of action whereby a criminal defendant can bring a federal claim against their attorney for violating the criminal defendant's constitutional rights, *see Yeo v. Town of Lexington*, 131 F.3d 241, 248-49 (1st Cir. 1997) ("If there is no state action, then the court may not impose constitutional obligations on (and thus restrict the freedom of) private actors."), although liability under state legal malpractice law is not necessarily precluded, *see Correia v. Fagan*, 452 Mass. 120, 127-28 (2008); *Glenn v. Aiken*, 409 Mass. 699 (1991).

Here, , despite Smith's inference to the contrary, the Court would be "needlessly inject[ing]" itself in the criminal proceeding against Smith if it were to adjudicate a claim that Matthews is acting improperly. *See, e.g.*, *Leveye v. Metropolitan Public Def.'s Off.*, 73 Fed. App'x 792, 794 (6th Cir. 2003) (holding that *Younger* abstention was appropriate where pretrial detainee brought a claim concerning his right of self-representation in a criminal prosecution).

Although Smith has been unsuccessful in procuring the result he desires concerning his attorney and self-representation, the Court has no reason to believe that Smith will not have an opportunity to raise all pertinent issues within the state court system, whether in front of the trial court or on appeal. *See Glawson v. Commonwealth*, 445 Mass 1021, 1021 (2005) ("Claims of denial of the right of self-representation are regularly raised and considered by appellate courts in direct appeals following convictions.").

In accordance with the foregoing, the Court hereby orders that this action be DISMISSED without prejudice.

The Court exercises its discretion to dismiss this case on jurisdictional grounds prior to resolving the filing fee. Accordingly, no filing fee is assessed in this action. Notwithstanding, the Court advises Smith that he could be assessed a filing fee in any case he files in this Court, regardless of its outcome. Furthermore, when a prisoner is allowed to proceed *in forma pauperis* in a non-habeas case, the prisoner must nonetheless pay the $350 filing fee over time. *See* 28 U.S.C. § 1915(b).

SO ORDERED.

May 20, 2021                                   /s/ Allison D. Burroughs
DATE                                           UNITED STATES DISTRICT JUDGE